# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 13-00044-01-CR-W-BP |
| EDWARD ALLEN STIEBER, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

COMES NOW, the United States of America, by Tammy Dickinson, United States Attorney, and the undersigned Assistant United States Attorney, both for the Western District of Missouri, and respectfully offers the Court the following points, authorities, and arguments in response to some of the issues raised by the defendant in his sentencing memorandum. (Doc. 52.)

**I.   Recidivism**

Stieber cites to recidivism studies that mainly relied on official records (i.e. official arrest records) for short follow-up periods to support his argument that recidivism rates for sexual offenders are low. *See for example* Predicting Relapse: A Meta-Analysis of Sexual Offender Recidivism Studies; "the most common measures of recidivism were reconviction (84%), arrests (54%) ... and the average follow-up period was 4-5 years." Hansen, Karl & Boussiere, Monique, Journal of Consulting and Clinical Psychology, Vol. 66, No. 2, 345-362. (Def. Sentencing Memorandum pp. 3-4.)

However, the United States Sentencing Commission's Federal Child Pornography Offenses Report (U.S.S.C. Report 2012) acknowledges that reliance upon official arrest records is insufficient to track the true recidivism rate of sex offenders due to underreporting of child

abuse and undetected child pornography offenses. U.S.S.C. Report 2012 at 294-95. The report specifically stated "a very large percentage of child sex abuse is unreported." *Id.* at 173. The report noted several studies which do analyze recidivism rates of sex offenders with the caveat that these studies present "a conservative measurement of actual recidivism." *Id.* at 295.

The widespread underreporting of child sex abuse results in a large number of offenders escaping criminal liability for their offenses. The U.S.S.C. 2012 report acknowledged that the much higher percentage of prior contact sex offending found by 'self-report' studies is in large part attributable to the fact that many of the offender's self-reported prior offenses were not captured by official records such as arrests or convictions. The self-report studies show that only an estimated 1 in 20 cases of child sexual abuse is reported or identified. The U.S.S.C. 2012 report stated "regardless of whether one relies on official reports, self-reports, or a combination, '[t]he key point, that some child pornography offenders have committed officially undetected contact offenses[,] is not controversial.'" *Id*. at 173-74 (quoting prepared statement of Michael C. Seto, Ph.D, Directorof Forensic Rehabilitation Research, Royal Ottowa Health Care Group, to the Commission, at 3 (Feb. 15, 2012)). Self-report studies indicate that a majority of child pornography offenders are in fact undetected child abusers. *See* M.L. Bourke & A.E. Hernandez, the 'Butner Study' Redux: A Report of the Incidence of Hand-on Child Victimization by Child Pornography Offenders, 24 J. Family Violence 183-91 (2009).

Stieber further argues that recidivism declines with the offender's age. However, child pornography consumption has been found to be a valid diagnostic indicator of pedophilia.[1] "The course of pedophilia is usually long term. In a study that examined the relationship between age and types of sexual crimes, *Dickey, et al.* found that up to 44% of pedophiles in their sample of

---

[1] Seto, Cantor, & Blanchard, Child Pornography Offenses Are A Valid Diagnostic Indicator Of Pedophilia, Journal of Abnormal Psychology, Vol. 115, No. 3, 610-615 (2006).

2

168 sex offenders were in the older adult age range (age, 40-70 years). When compared with rapists and sexual sadists, pedophiles comprise 60% of all older offenders, indicating that pedophiles offend in their later years at a greater rate than other sexual offenders."[2]

In this case, based on information provided by a family member, we know that the defendant has been sexually interested in minors for a lengthy period of time. Defendant's age, given his enduring proven sexual interest in minors, is not in his favor. The argument should be that, the longer he is in prison, the more likely he is not to reoffend, and therefore a 30 year sentence is reasonable to protect the public.

## II.     Child Pornography Guidelines

The U.S.S.G. relating to child pornography offenses were directly addressed by Congress because of the Guidelines' failure to accommodate the explosion of child pornography offenses occasioned by the advent of the Internet. Additionally, the 2003 PROTECT Act was, in part, a response to the prevalence of downward departures and the general inadequacy of sentences in child pornography cases. *See* H.R. Rep. No. 108-66, 108th Cong., 2nd Sess. 58-59 (2003).

In any event, some of the resulting Guidelines were in fact modified by the Sentencing Commission to take into account the widespread applicability of some of the specific offense characteristics. Regardless of issues affecting the Guidelines or potential modifications to the Guidelines, Stieber's criminal activity, exploitation of the minor victim, the attendant relevant conduct set out in the Presentence Investigation Report, and the 18 U.S.C. § 3553 factors call for a significant sentence.

---

[2] *Hall and Hall,* citing among others, Dickey R, Nussbaum D, Chevolleau K, Davidson H. "Age as a differential characteristic of rapists, pedophiles, and sexual sadists." *J. Sex Marital Ther.* 2002; 28:211-218.

3

## Conclusion

As set out in the Government's sentencing memorandum filed on August 24, 2015, (Doc. 46) the defendant is a danger to the community because of his enduring sexual interest in minors which ultimately has manifested itself by his producing surreptitious videos of minors in his home. The defendant's activities and potential for future dangerousness deserve a punishment which coincides with the advisory Guideline range set out in the Presentence Investigation Report.

                                                Respectfully submitted,

                                                Tammy Dickinson
                                                United States Attorney

By    */s/ Teresa A. Moore*

                                                Teresa A. Moore
                                                Assistant United States Attorney

                                                Charles Evans Whittaker Courthouse
                                                400 East 9th Street, Fifth Floor
                                                Kansas City, Missouri  64106
                                                Telephone:  (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on September 28, 2015, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

                                                */s/ Teresa A. Moore*
                                                Teresa A. Moore
                                                Assistant United States Attorney